**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| TALES.COM, INC.<br><br>   PLAINTIFF,<br><br>V.<br><br>THE PARTNERSHIPS IDENTIFIED ON SCHEDULE A,<br><br>   DEFENDANTS. | CASE NO.: 1:25-CV-02970<br><br>JUDGE LINDSAY C. JENKINS<br><br>MAGISTRATE JUDGE BETH W. JANTZ |

**AMENDED COMPLAINT**

Plaintiff, Tales.com, Inc. ("Tales" or "Plaintiff"), by its undersigned counsel, hereby brings this Amended Complaint, pursuant to this Courts Minute Entry, entered on March 21, 2025. [ECF No. 8], and complains of the Partnerships identified on the Amended Schedule A (collectively, "Defendants"),[1] attached hereto as **Exhibit 2**, and for its Amended Complaint hereby alleges as follows:

**JURISDICTION AND VENUE**

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Federal Copyright Act, 17 U.S.C. § 501, *et seq.*

2.      This Court has personal jurisdiction over each Defendant, in that each Defendant conducts business in Illinois and in this Judicial District, and the acts and events giving rise to this lawsuit, of which each Defendant stands accused, were undertaken in Illinois and within this Judicial District.

---

[1] Additionally, attached hereto as **Exhibit 3**, is this Court's Schedule A template, pursuant to this Court's standing order.

1

3.      Additionally, this Court has personal jurisdiction over each Defendant, as each Defendant has both offered to sell products into this jurisdiction and has sold infringing products into this jurisdiction.[2]

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, since each Defendant directly targets consumers in the United States, including Illinois, through the fully interactive, commercial Internet stores operating under the online marketplace accounts identified in Schedule A. Each Defendant has targeted sales from Illinois residents by operating online stores that offer shipping to Illinois, accept payment in U.S. dollars and, on information and belief, has sold, and continues to sell products that infringe Plaintiff's federally registered copyrights. Each Defendant commits tortious acts, engages in interstate commerce, and wrongfully causes substantial injury in the State of Illinois.

**JOINDER**

5.      Joinder is proper pursuant to Federal Rule of Civil Procedure 20(a)(2) as Plaintiff's right to relief stems from the same series of transactions or occurrences, and questions of law and/or fact common to all defendants will arise in the action.

6.      A logical and actual relationship exists between and among the Defendants, which is supported with the evidentiary overlap present throughout the marketplace accounts, product listings, shipping methods, business information, and other publicly available data; additionally, there is an evidentiary overlap amongst the Defendants in other – non-public information – such as: return addresses on products and the similarities on the physical products and product packaging. [3]

---

[2] A purchased was conducted by Plaintiff from each Defendant identified on the Amended Schedule A.
[3] Plaintiff is contemporaneously filing a Supplemental Memorandum Establishing that Joinder is Proper, along with a Declaration and Exhibits in support of that Memorandum, which will address the question of joinder more thoroughly

7.      Given the similarities between the Defendant Internet Stores discussed *infra* and the likelihood that many, if not all, are operated by the same individual and/or entity, and/or are manufactured and sourced from a common entity. In the absence of an adversarial presentation, and for purposes of judicial efficiency, Plaintiff asserts that joinder of all Defendants is proper at this stage, as severing the case would mean that multiple stores with the same operator would be adjudicated piecemeal and/or would need to be re-joined at a later date.

### INTRODUCTION

8.      This action has been filed to combat the online copyright infringement activity of Defendants, who trade upon Plaintiff's valuable copyrights by selling and/or offering for sale unauthorized, unauthentic, and infringing products in connection with Plaintiff's federally registered Copyrights (hereinafter referred to as the "Infringing Products" or "Infringing Tales Products"), as well as to stop and prevent Defendants' selling of unauthorized products that use, are based on, and/or are derived from copyrighted subject matter created by Tales.

9.      Plaintiff, Tales.com, Inc., is the owner of various federal copyright registrations: VA0002426728, VA0002426968, and TX0009456834, true and correct copies of which are attached hereto as **Exhibit 3** (hereinafter referred to as the "Tales Copyrights").

10.      In an effort to deceptively profit from the Tales Copyrights, Defendants created numerous online marketplace accounts and online stores (referred to as "Defendant Internet Stores" or "Seller Aliases"), intentionally designed in look, feeling, and suggestion to give the impression to consumers that they are legitimate websites selling products manufactured by or authorized by Tales, with Defendants' ultimate intention being to deceive unknowing consumers into purchasing

---

through this Memorandum, showing a that logical and actual relationships exists between Defendants through actual evidentiary overlap, and not mere coincidence.

unauthorized and Infringing Tales Products. Attached hereto as **Exhibit 4** are true and correct copies of the evidence showing this infringement.

11. A logical relationship between Defendants is established through the evidence submitted, and further supported in Plaintiff's Supplemental Memorandum Establishing Joinder is Proper, all of which show an evidentiary overlap and relationship among the Defendants and demonstrate that Defendants' actions and operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

12. Plaintiff is forced to file this action to combat Defendants' ongoing infringement of Plaintiff's Tales Copyrights (collectively referred to as "Tales Intellectual Property" or "Tales IP"). Plaintiff has been and continues to be irreparably damaged through consumer confusion, dilution, loss of control over the creative content, and has been irreparably damaged as a result this infringement, and is thus seeking injunctive and monetary relief.

## THE PLAINTIFF

13. The Plaintiff, Tales.com, Inc., was founded in 2017, with a mission to help families capture and preserve their most cherished memories and stories for future generations. Initially, the company began by creating beautifully illustrated children's books that told the stories of families' ancestors, connecting younger generations with their heritage in a unique and engaging way.

14. Building on this foundation, Tales launched the Life Story Interview Kit in 2023 – the product which is the subject of the present lawsuit – designed to bring the magic of storytelling into the hands of every family. The kit includes 150 unique question cards, step-by-step instructions for conducting interviews, and expert tips for recording the conversation (the "Tales Product"). The Tales Product provides an effortless and fun way to spark deep conversations, create memory books, and give thoughtful gifts to parents, grandparents, and loved ones. For example:

4



**EXAMPLE CARDS FROM THE TALES PRODUCT**

15. The Tales Copyrights contain: (1) images of the Tales Product, which are used on the Tales' website and ecommerce stores, as well as for marketing and promotional purposes of the Tales Product; and, (2) the text and design of the questions included in the Tales Product.

16. Plaintiff sells the Tales Product online, through its website, as well as on other e-commerce platforms, such as Amazon. Below is an example of a genuine Tales Product listing:



**AUTHENTIC PRODUCT LISTING**

17. Tales has expended significant time and resources in developing, advertising, and otherwise promoting the Tales Copyrights and Tales Product, including the expenditure of approximately $2.5M in direct advertisement and promotion over the past 18 months.

5

18.     Given that Tales Product has incredibly high ratings on Amazon, has been featured in GQ Magazine, Robb Report, and on Good Morning America, the Tales Product has gained widespread recognition and success. To illustrate, since the launch of Plaintiff's Tales Product in March 2023, Plaintiff has fulfilled more than 124,000 orders, earning more than $5.2 million in revenue, and investing over $2.3 million in advertising expenditures.

19.     As a result of the efforts of Tales, the promotional efforts for its products and designs, press and media coverage, and widespread marketing, members of the public have become familiar with the Tales Product and the Tales Copyrights, and associate them exclusively with Plaintiff.

20.     Tales has made efforts to protect its interests in and to the Tales Intellectual Property.[4] Tales has the exclusive right to produce, rereproduce, distribute, display, or create derivatives of the Tales Copyrights. Plaintiff has not licensed or otherwise authorized Defendants to reproduce, distribute, display, or sell derivatives of the Tales Copyrights or the Tales Prodcut. Additionally, Tales.com is the only business authorized to manufacture, import, export, advertise, offer for sale, or sell any goods in connection with the Tales Copyrights, including the Tales Product. Plaintiff has not licensed or otherwise authorized Defendants to manufacture, import, export, advertise, offer for sale, or sell any goods in connection with the Tales Copyrights, including the Tales Product.

---

[4] While not included in this lawsuit, Plaintiff also has a trademark application for the standard character wordmark of "TALES" pending with the United States Patent and Trademark Office ("USPTO"), Serial No. 98510810 (filed April 20, 2024).

## THE DEFENDANTS

21.     Defendants are individuals and business entities who reside in foreign jurisdictions, mainly in China. Defendants conduct business throughout the United States, including Illinois, and within this Judicial District, through the operation of e-commerce stores and online marketplace accounts operating under the Defendant Internet Stores identified on the Amended Schedule A. Each Defendant targets the United States, including Illinois, has offered to sell, has sold, and continues to sell Infringing Tales Products to consumers within the United States, Illinois, and this Judicial District.

## THE DEFENDANTS' UNLAWFUL CONDUCT

22.     The success of the Tales Product has resulted in significant counterfeiting and intentional copying, which has significantly impacted Plaintiff – financially and reputationally. To illustrate, please see the below screenshot, which shows the decline in the sales of the Tales Product, after widespread online infringement began:



23. As a result of the irreparable harm caused by the ongoing copyright infringement, Plaintiff implemented a strategy to combat such infringement. As a part of this strategy, Plaintiff has identified numerous Seller Aliases linked to marketplace listings on platforms which include, but are not limited to those operated on the following marketplaces: AliExpress, Inc. ("AliExpress"); Amazon, Inc. ("Amazon"); eBay, Inc. ("eBay"); SHEIN.com ("SHEIN"); WhaleCo, Inc. d/b/a Temu ("Temu"); and Walmart, Inc. ("Walmart"), among others (collectively referred to herein as "Online Marketplaces"), including the Defendant Internet Stores, which are offering for sale, selling, have sold, and are continuing to sell Infringing Tales Products to consumers in this Judicial District and throughout the United States.

24. E-commerce stores, like the Defendant Internet Stores, are estimated to receive tens of millions of visits per year and to generate over $509 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security and the U.S. Customs and Border Protection, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in the fiscal year 2020 was over $1.3 billion.[5] Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year. *Id.*

25. As recently addressed in the *New York Times* and by the U.S. Dept. of Homeland Security, and as reflected in the increase of federal lawsuits filed against sellers offering for sale and selling infringing and/or counterfeit products on the above-mentioned digital marketplaces, an astronomical number of counterfeit and infringing products are offered for sale and sold on these digital marketplaces at a rampant rate.[6]

---

[5] *See* "Intellectual Property Rights Fiscal Year 2020 Seizure Statistics," U.S. CUSTOMS AND BORDER PROTECTION. CBP Publication No. 1542-092 (September 21, 2021).
[6] *See* Ganda Suthivarakom, *Welcome to the Era of Fake Products*, N.Y. TIMES (Feb. 11, 2020), nytimes.com/wirecutter/blog/amazon-counterfeit-fake-products/. *See also Combating Trafficking in Counterfeit and*

26.     Upon information and belief, Defendants operate in a collective and organized manner: Defendants are often monitoring intellectual property infringement litigation alert websites, are in continuous and active concert with one another, and are in frequent communication with each other (*e.g.*, by utilizing online chat platforms and groups), source and sell products via dropshipping methods, sell products under multiple or different aliases on multiple online marketplaces, sell products sourced from other Defendants, or from one common source, and are reasonably connected to one another. Defendants use these collective efforts in an attempt to avoid liability and intellectual property enforcement efforts. Furthermore, there is a substantial evidentiary overlap in Defendants' behavior, conduct, and individual acts of infringement, thus constituting a collective enterprise.[7]

27.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. For example, many of Defendants' names and physical addresses used to register the Defendant Internet Stores are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendants regularly change store names and contact information to avoid detection. Upon information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms, among which are those using the identities listed on the Amended Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are some of many common tactics used by Defendants to conceal their

---

*Pirated Goods*, U.S. DEPT. OF HOMELAND SECURITY (Jan. 24, 2020), available at dhs.gov/sites/default/files/publications/20_0124_plcy_counterfeit-pirated-goods-report_01.pdf.

[7] *See generally*, Plaintiff's Supplemental Memorandum Establishing that Joinder is Proper, which will be filed contemporaneously with this Amended Complaint; for specific information and further examples regarding the interconnectedness of the Defendants in Plaintiff's Amended Schedule A, see the Declaration of Ann Marie Sullivan, and Exhibits thereto, submitted in support of Plaintiff's Memorandum Establishing that Joinder is Proper.

identities, the full scope and interworking of their massive infringing operation, and to avoid being shut down.

28.     Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores, including, but not limited to: (1) nearly-identical layout, content, text, and formatting, even though different aliases were used to register the respective online marketplace accounts; (2) similarities of the physical Infringing Tales Products across Defendants, suggesting that the products were manufactured by and come from a common source; and, (3) other notable common features such as product listing titles and descriptions, the same image sets (often in the same exact ordering), identically or similarly priced items and volume sales discounts, and similar hosting services.

29.     Further, Defendants typically operate multiple payment processor and merchant accounts, including but not limited to, one or more financial accounts operated through platforms such as, Alibaba Group Holding Ltd., Alipay.com Co., Ltd. ("Alipay"), PayPal, Inc. ("PayPal"), Payoneer, Inc. ("Payoneer"), Stripe, Inc. ("Stripe"), Amazon Payments, Inc. ("Amazon Payments"), Alibaba Group Holding Ltd., Alipay.com Co., Ltd. and Alipay US, Inc. ("Alipay") (collectively referred to herein as "Payment Processors"), and hide behind layers of payment gateways so they can continue operation in spite of any enforcement efforts.

30.     Defendants, without any authorization or license, have knowingly and willfully infringed upon the Tales Copyrights in connection with the creation, advertisement, distribution, offering for sale, and sale of infringing products into the United States and Illinois. Each Defendant Internet Store offers to ship to the United States, including Illinois, and, on information and belief, each Defendant has offered to sell, or has already sold, Infringing Products therein.[8]

---

[8] In the present case, Plaintiff has conducted a "test purchase" from each Defendant identified on the Amended Schedule A, therefore, proving definitively, that the Defendants in this case can and do sell and ship to consumers in this District.

31. In committing these acts, Defendants have willfully and in bad faith, committed the following, all of which have and will continue to cause irreparable harm to Plaintiff: infringed upon the Tales Copyrights by reproducing, distributing, and/or publicly displaying the Tales Copyrights without the authorization of Tales; created, manufactured, sold, offered to sell, and/or imported Infringing Products and/or products which infringe upon the Tales Intellectual Property; and, unfairly and unjustly profited from such activities at the expense of Tales.

32. Plaintiff does not yet know the full extent and identity of the channels through which Defendants infringed the Tales Copyrights and source and sell the Infringing Products. Defendants have a direct financial interest in, and gain a direct financial benefit from, infringing activity and realize profits from the sale of Infringing Products.[9]

33. By engaging in the infringing conduct outlined herein, in addition to directly organizing and effectuating such infringing activities, each Defendant also induced, caused, and materially contributed to infringing conduct by others, including the other Defendants. There is a causal and evidentiary relationship between the infringing activity and the financial benefit reaped by Defendants.

34. Unless enjoined, Defendants will continue to cause irreparable harm to Tales.

<u>**COUNT I**</u>
**COPYRIGHT INFRINGEMENT (17 U.S.C. § 501(a))**

35. Plaintiff repleads and incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

36. The Tales Product is protected by multiple valid copyright registrations.

---

[9] Based on publicly available information, listed on a handful of Defendants' websites and store listings in this case alone [for AliExpress (37 defendants) and Temu (21 defendants)], in addition to the one hundred and twenty three (123) infringing products purchased by Plaintiff, Defendants in this case already have sold over ten thousand infringing products.

37.     Plaintiff, at all relevant times, has been the holder of the copyright registrations and the exclusive rights of and belonging to Plaintiff, Tales.com, Inc., including but not limited to the Tales Copyrights and derivative works.

38.     These copyrights have significant value and have been produced and created at considerable expense.

39.     Upon information and belief, Defendants had access to the copyrighted work through Plaintiff's normal business activities. After accessing Plaintiff's work, Defendants wrongfully created reproductions of the copyrighted works without Plaintiff's consent, engaged in, and continue to engage in, acts of widespread infringement.

40.     Defendants also infringed the Tales Copyrights by distributing the reproduced copyrighted works among each other and/or publicly displaying the Tales Copyrights without the authorization of Plaintiff.

41.     Defendants further infringed the Tales Copyrights by making, or causing to be made, derivative works by producing and distributing unauthorized reproductions of the Tales Copyrights, without permission of Tales, in the form of the Infringing Products.

42.     Each Defendant, without the permission or consent of Plaintiff, has sold, and continues to sell, online infringing derivative works of Plaintiff's Copyrights. Each Defendant has violated Plaintiff's exclusive rights of reproduction, distribution, public display, and the ability to make derivatives. Each Defendant's actions constitute an infringement of Plaintiff's exclusive rights protected under the Copyright Act (17 U.S.C. §106 *et seq*.).

43.     Further, as a direct result of Defendants' acts of copyright infringement, Defendants have obtained profits they would not have otherwise realized but for their infringement of Plaintiff's Copyrights. Tales is entitled to, at a minimum, disgorgement of Defendants' profits, directly and indirectly attributable to said infringement.

44.     As a result of each Defendant's infringement of Plaintiff's exclusive rights under U.S. Copyright Law, Plaintiff is entitled to relief pursuant to 17 U.S.C. §504.

45.     The conduct of each Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured monetarily. Plaintiff has no adequate remedy at law. As such, pursuant to 17 U.S.C. §§502, 503, and 504, Plaintiff is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff's Copyrights, ordering that each Defendant cease the ongoing infringement, destroy all unauthorized and/or infringing copies and reproductions of Plaintiff's copyrighted works, and disgorging Defendants' profits from selling products which infringe upon Plaintiff's federally registered copyrights.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. using the Tales Copyrights or any reproductions, copies, or colorable imitations thereof, in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not an authorized Tales Product, or is not authorized by Plaintiff to be sold in connection with the Tales Copyrights;

b. passing off, inducing, or enabling others to sell or pass off any product not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale using the Tales Copyrights;

c. shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory

13

not authorized by Plaintiff to be sold or offered for sale, and which bear the Tales Copyrights, or which are derived from the Tales Copyrights;

d.  further infringing the Tales Copyrights and damaging Plaintiff's goodwill;

e.  using, linking to, transferring, selling, exercising control over the Defendant Internet Stores, Defendant product listings, or any other domain name or online marketplace account that is being used to sell products or inventory not authorized by Plaintiff which bear the Tales Copyrights, or which are derived from Plaintiff's Tales Copyrights;

2)  Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any Online Marketplaces and Payment Processors, and any related entities, shall:

a.  disable and cease providing services for any accounts through which Defendants engage in the sale of products not authorized by Plaintiff in connection with the unauthorized use of the Tales Copyrights, including any accounts associated with Defendants listed on the Amended Schedule A;

b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of products not authorized by Plaintiff which bear the Tales Copyrights, or which are derived from the Tales Copyrights; and,

c.  take all steps necessary to prevent links to the Defendant Internet Stores identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Internet Stores from any search index.

3)  That Defendants account for, and pay to, Plaintiff all profits realized by Defendants by way of Defendants' unlawful acts herein alleged;

14

4)  For Judgment in favor of Plaintiff against Defendants that they have: a) willfully infringed Plaintiff's rights in its federally registered Copyrights, pursuant to 17 U.S.C. §501 *et. seq.*; and, b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

5)  That Plaintiff be awarded actual damages, statutory damages, and/or other available damages, pursuant to 17 U.S.C. §504, at the election of Plaintiff;

6)  That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

7)  Any and all other relief that this Court deems just and proper.

Dated:  March 25, 2025                                    Respectfully submitted,

                                                          */s/ Ann Marie Sullivan*
                                                          Ann Marie Sullivan
                                                          Alison K. Carter
                                                          Gouthami V. Tufts
                                                          John J. Mariane

                                                          **SULLIVAN & CARTER, LLP**
                                                          111 W. Jackson Blvd. Ste 1700
                                                          Chicago, Illinois 60604
                                                          www.scip.law
                                                          929-724-7529
                                                          am.sullivan@scip.law

                                                          ***ATTORNEYS FOR PLAINTIFF***